UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID TROUPE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES PEASE, et al.,<br><br>　　　　　Defendants. | No.  4:15-CV-05090-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS** |

　　　Before the Court are David Troupe's Motion for Protective Order and Transfer, ECF No. 45; Motion to Compel WSP, ECF No. 47; and Motion for Protective Order, ECF No. 60.  On November 7, 2016, the Court held a pretrial conference in one of Plaintiff's other lawsuits, case number 2:13-CV-05038-EFS (Case 5038).  At the hearing, the Court heard argument and made rulings on various issues that Plaintiff also raises in this matter.  Having conducted that hearing, and having reviewed the parties' submissions, the Court is fully informed.  The Court denies Plaintiff's motions for the reasons set forth below.

　　**I.　　MOTION FOR PROTECTIVE ORDER AND TRANSFER (ECF NO. 45)**

　　　Plaintiff's Motion for Protective Order and Transfer, ECF No. 45, raises issues outside the scope of this case.  Plaintiff also fails to demonstrate any interference with his ability to pursue this case.  The Court therefore denies Plaintiff's motion.

ORDER - 1

**A.   Request for Protective Orders**

Plaintiff requests that the Court issue a protective order against Jason Kaehlor, William Hale, and Anthony Gonzalez to prevent physical contact, verbal contact, being within 100 feet, and contact with Plaintiff's legal work. ECF No. 45. As a preliminary matter, the Court notes that Plaintiff's motion lacks any allegations as to Jason Kaehlor.  The Court therefore finds no basis to issue a protective order as to Jason Kaehlor.

According to Plaintiff, Defendant William Hale has called him a "fag" and told Plaintiff to kill himself. ECF No. 45. Although these allegations are concerning, this case is not the proper avenue for Plaintiff to litigate new and independent claims, even if made against a current Defendant.  Nor do Plaintiff's allegation show any interference with his ability to pursue this case.  Therefore, the Court finds Plaintiff's requested protective order would not be appropriate as to Defendant Hale.

Plaintiff alleges that non-party Anthony Gonzalez denied Plaintiff access to his legal property. ECF No. 45. Defendants concede that nearly two weeks passed between Plaintiff's request to access his legal documents on October 6, 2016, and his access on October 19. ECF No. 53 at 65. However, Plaintiff fails to establish — and there is no indication — that this caused him to miss any deadlines or otherwise caused the type of "actual injury" that is required for an access-to-the-courts claim. *See Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994), *cert. denied*, 116 S. Ct. 91 (1995). The Court finds a protective order is not currently necessary to

ORDER - 2

ensure Plaintiff continues to have adequate access to the courts and his files.

**B.    Request for Transfer**

Plaintiff argues that placement at Washington State Penitentiary (WSP), rather than at Stafford Creek Corrections Center, is preventing him from properly participating in this lawsuit. ECF No. 45. The Court has not directed the Washington State Department of Corrections (DOC) to place Plaintiff in any particular facility. On October 4, 2016, the Court admonished the DOC to refrain from repeatedly transferring Plaintiff in a manner that would interfere with his ability to litigate his cases, including Case 5038, which has pretrial conferences and trial scheduled to take place in the near future.

The Court remains determined to ensure Plaintiff is afforded adequate access to the courts and a fair opportunity to present his claims. However, the Court finds that placement at WSP does not undermine these goals. Plaintiff's numerous filings since placement at WSP suggest he is fully capable of litigating his cases from there. Moreover, Stafford Creek personnel aver that the entirety of Plaintiff's legal materials have been sent to WSP. ECF No. 53 at 12. Thus, the Court finds no reasonable basis to interfere with DOC's decision to place Plaintiff at WSP, especially given the need for Plaintiff to be able to litigate Case 5038.

**II.    PLAINTIFF'S MOTION TO COMPEL WSP (ECF NO. 47)**

Plaintiff also requests that the Court compel WSP to prohibit Shari Hall from handling his legal scans for electronic filing, create a receipt-signature requirement for electronic filings, and limit

ORDER - 3

people who handle legal scans to those who are specifically trained to do so. ECF No. 47.  General Order Nos. 15-35-1 and 16-35-1 govern the Prisoner E-Filing Initiative created by the Eastern District of Washington and the Washington Department of Corrections, and the orders specifically state that printed notices of electronic filings are to be provided through the institution's existing mail system. This decision was the product of significant negotiation and consideration of how to limit the burden on prison staff while expanding prisoners' ability to bring claims, and Defendants have supplied sworn declarations that WSP is in full compliance with the directives implemented under the E-filing Initiative. *See* Case 5038, ECF No. 276.

Plaintiff has not demonstrated that WSP policies interfere with his ability to litigate this case.  Nor has he shown Shari Hall has personally interfered with his litigation or otherwise engaged in misconduct.  The Court therefore denies his motion.

### III.   MOTION FOR PROTECTIVE ORDER (ECF NO. 60)

Most recently, Plaintiff asks the Court to prohibit Defendant Hale from having any contact with Plaintiff, and to prohibit Defendant R Jason Morgan from having any contact with Plaintiff's legal property.  As it addresses issues outside the case at hand, the Court denies Plaintiff's motion.

Plaintiff reiterates the allegations against Defendant Hale made in his earlier Motion for Protective Order and Transfer, ECF No. 45, addressed above, and adds allegations that Defendant Hale physically assaults Plaintiff by digging fingers into his arm during escorts. ECF

ORDER - 4

No. 60. Even if true, Plaintiff's allegations lie outside the scope of this case.

Plaintiff accuses Defendant R Jason Morgan of "using his notary service to read [Plaintiff]'s legal documents" after he had requested notary service from the law librarian for documents relating to this case. ECF No. 60. Again, however, Plaintiff has not demonstrated that Defendant Morgan acting as a notary in the prison context has undermined Plaintiff's ability to litigate this case, and the Court will not interfere unnecessarily with the internal operations of the prison facility. The Court therefore denies his motion.

### IV.   MOVING FORWARD

As this case progresses, the Court admonishes the DOC to ensure Plaintiff continues to have adequate access to the courts. As this Court has already advised Plaintiff in Case 5038, the Court is aware that Plaintiff faces challenges in pursuing this litigation, but notes that many such challenges are inherent when any individual — especially a prisoner — chooses to litigate multiple lawsuits simultaneously. Because of these inherent difficulties, the Court has, when appropriate, extended deadlines and granted reconsideration of issues to ensure Plaintiff is not denied access to the courts. That said, the Court's flexibility is not permission for Plaintiff to air his every grievance against Defendants, WSP, and/or the DOC. The DOC is given broad authority to implement practices and procedures — even if inconvenient — that are reasonably related to legitimate penological interests. See *Turner v. Safley*, 482 U.S. 78, 89 (1987). The Court wishes to make clear to Plaintiff that "adequate" or

ORDER - 5

"reasonable" access to the courts is not synonymous with "unfettered" access.  Plaintiff is to refrain from filing motions that are outside the narrow scope of his claims in this case.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Protective Order and Transfer, **ECF No. 45**, is **DENIED**.
2. Plaintiff's Motion to Compel WSP, **ECF No. 47**, is **DENIED**.
3. Plaintiff's Motion for Protective Order, **ECF No. 60**, is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall enter this Order and provide copies to Plaintiff, all counsel, and the DOC.

**DATED** this 21st day of November 2016.

*Edward F. Shea*
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2015\Troupe;15-5090.Deny.Motions.LC1.docx

ORDER - 6