UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID TROUPE,<br><br>                   Plaintiff,<br><br>    v.<br><br>CHARLES PEASE, et al.,<br><br>                   Defendants. | No. 4:15-CV-05090-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

Before the Court, without oral argument, is Plaintiff's Motion for Temporary Restraining Order, ECF No. 139. The Court previously set an expedited schedule for this Motion. *See* ECF No. 140. For the reasons set forth below, the Court denies the Motion.

Plaintiff seeks a temporary restraining order to prevent any Defendant from having physical contact with Plaintiff, his property, his legal documents, or his grievances until the completion of this case. In his motion, Plaintiff alleges that Defendants William Hale, Richard Morgan, Charles Pease, Jason Kaehler, and other unidentified individuals have threatened Plaintiff in order to get him to withdraw his lawsuits in this Court. *See* ECF No. 139 at 2. Plaintiff also claims he was physically assaulted by Defendant Hale while housed at Washington State Penitentiary (WSP) from September 2016 to January 2017. ECF No. 139 at 2.

ORDER - 1

Plaintiff also seeks a court order preventing his transfer out of Stafford Creek Corrections Center (Stafford Creek). ECF No. 139 at 10. Plaintiff states that he is scheduled to be transferred from Stafford Creek to WSP on August 7, 2017, and argues that he is doing well at Stafford Creek and there exist "no legal grounds to support keeping [him] at WSP." ECF No. 139 at 5, 11.

### I. **APPLICABLE LAW**

The Ninth Circuit has noted that the analysis for issuance of a temporary restraining order is "substantially identical" to the analysis for issuance of a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The primary differences between a temporary restraining order and a preliminary injunction are the duration of the injunction and the availability of argument prior to issuance of the injunction. *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 804 (9th Cir. 2002). A temporary restraining order may last no longer than 14 days and argument is not required prior to issuance of the order. Fed. R. Civ. P. 65. In this case, Plaintiff is requesting immediate, but ongoing relief, so the Court will treat the request as one for a preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Under this inquiry, "courts must balance the competing

ORDER - 2

claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (internal quotation marks omitted).

When conducting the analysis for issuance of a preliminary injunction, courts must be mindful that injunctive relief is "to be used sparingly, and only in a clear and plain case." *See Rizzo v. Goode*, 423 U.S. 362, 378 (1976). If a government agency is involved, it is given the "widest latitude in the dispatch of its own internal affairs." *Id.* at 378–79. Further, if a state agency is involved, federalism concerns may strengthen these considerations, and any resulting injunctive relief must avoid unnecessary disruption to the state agency's normal course of proceeding. *See Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (internal quotation omitted). As such, prison administrators must be given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

## II. **ANALYSIS**

Here, the Washington State Department of Corrections developed a Custody Facility Plan after consulting with Plaintiff and conducting an official review. *See generally* ECF Nos. 144–147. Thus far, Plaintiff's claims in this case — as well as the allegations contained in his current Motion — are supported by little more than his own bare assertions. Plaintiff asks the Court to take him at his word that he will be subjected to assault and threats unless the Court grants the

ORDER - 3

extraordinary relief that he requests. Notably, however, Plaintiff expressed no such reservations just last month when he stated that he was fully willing to be transferred to WSP if it meant he would no longer be in the Intensive Management Unit. *See* ECF No. 144 at 3; 145 at 3–4. And Plaintiff has a history of trying to use his legal proceedings to manipulate his prison placement. *See Troupe v. Suckow*, No. 2:13-CV-05038-EFS (E.D. Wash. 2016) (containing multiple motions by Plaintiff regarding his prison placement). Given these considerations, the Court finds that Plaintiff fails to demonstrate a likelihood of success on the merits of his claims, irreparable injury, or that the balance of hardships tips in his favor.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's Motion for Temporary Restraining Order, **ECF No. 139**, is **CONSTRUED** as a Motion for Preliminary Injunction and is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Plaintiff and all counsel.

**DATED** this ___ 4th ___ day of August 2017.

       __s/Edward F. Shea___
       EDWARD F. SHEA
     Senior United States District Judge

Q:\EFS\Civil\2015\15-CV-5090;Troupe v Pease.Deny.TRO.LC1.docx

ORDER - 4