UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| DAVID TROUPE, | No. 4:15-CV-05090-EFS |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| CHARLES PEASE, et al., | |
| Defendants. | **DISMISSAL PURSUANT TO 28 U.S.C. § 1915(a)(3)** |

Before the Court, without oral argument, is Defendants' Motion for Summary Judgment, ECF No. 87. Plaintiff David Troupe filed a 42 U.S.C. § 1983 civil rights lawsuit on September 8, 2015. ECF No. 1. Plaintiff brought several claims against various staff members at the Washington State Penitentiary (WSP), alleging that they violated his Eighth and Fourth Amendment rights. *See* ECF No. 13. In moving for summary judgment, Defendants' primary argument is that Plaintiff failed to exhaust his grievance remedies under the Prison Litigation Reform Act (PLRA). For the reasons set forth below, the Court grants the Motion, dismisses Plaintiff's claims, and enters judgment in favor of Defendants.

///

//

/

ORDER - 1

## I. FACTS AND BACKGROUND[1]

Plaintiff was incarcerated at WSP from February 11, 2015, to November 7, 2015. ECF No. 89 at 2. Plaintiff has a well-established history of self-harm, and has stated that he cuts himself for a variety of reasons, including to remind himself that he is alive, to relieve stress and anger, and to get desired reactions from prison staff. *See* ECF No. 88 at 36-37. In the past, Plaintiff has admitted that he may have made exaggerations when submitting mental-health emergency kites and would file them "as a preventative measure" before the situation developed into an actual emergency. ECF No. 88 at 27-29.

A Behavior Programming Plan (BPP), an Individual Behavior Management Plan (IBMP), and a Security Enhancement Plan (SEP) have been put in place for Plaintiff and have evolved over the years. *See* ECF No. 91 at 3. These plans were implemented in part to "provide a consistent structure for staff to work consistently in response to [Plaintiff's] manipulative actions designed to obtain and monopolize staff attention." ECF No. 91 at 4. Plaintiff's BPP notes that he "craves attention by acting out inappropriately. (Threats of self-

---

[1] Plaintiff did not respond to Defendants' Motion and did not file a statement of facts. As such, facts and quotations are supported by a citation to the record. When considering this Motion and creating this factual section, the Court (1) believed the undisputed facts and the non-moving party's evidence, (2) drew all justifiable inferences therefrom in the non-moving party's favor, (3) did not weigh the evidence or assess credibility, and (4) did not accept assertions made by the non-moving party that were flatly contradicted by the record. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court is also mindful that it "must consider as evidence in his opposition to summary judgment all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

ORDER - 2

harm, declares mental health emergencies)." ECF No. 91 at 8. Plaintiff's IBMP states, "Mr. Troupe has an extensive and well documented history of engaging in self-harming behavior. Additionally, Mr. Troupe has shown himself to be skilled in efforts to manipulate staff in a variety of ways . . . ." ECF No. 91 at 12. The IBMP states, "Mr. Troupe articulates false thoughts of suicide," ECF No. 91 at 13, but also later states that "Mr. Troupe articulates thoughts of suicide with intent." ECF No. 91 at 16.

Most of Plaintiff's claims in this matter arise from a cell search that was conducted on September 30, 2015. On that date, WSP staff confiscated numerous metal staples, a piece of metal that appeared to be a weapon, and two pens tied together with paper. ECF No. 91 at 56. After an x-ray search of Plaintiff's property, staff further confiscated two spoons and a "fishing" line made out of white fabric inside of an altered pillow. ECF No. 91 at 56. A serious infraction report was filled out, and Plaintiff was sanctioned for misuse of supplies and possession of a weapon. *See* ECF No. 91 at 56–57.

Defendants submitted all the grievances that they could locate relating to the allegations in Plaintiff's Complaint. *See* ECF No. 89 at 6. Because Plaintiff's grievances are integral to the viability his claims, the Court summarizes the relevant grievances below.

////
///
//
/

ORDER - 3

**A.    Log I.D. Number 15582314**

On March 7, 2015, Plaintiff filed an "emergency" grievance,[2] alleging Defendant Lundgren was refusing to respond to his mental health emergency intercom.  This grievance was processed as non-emergent Level I. ECF No. 89 at 59.  The March 18, 2015 Level I response indicated that Plaintiff did not wish to pursue the grievance any further, and Defendant Lundgren said she answered the call button the first few times and forwarded the emergency to floor staff and the unit sergeant, who responded and addressed Plaintiff's mental health needs. ECF No. 89 at 60.

**B.    Log I.D. Number 15596299 (Grievance #299)**

On September 30, 2015, Plaintiff filed an "initial" grievance, alleging that Michael, Zarndt, Kaehler, and Watson committed misconduct by planting sharp pieces of metal in his cell.  On October 7, 2017, the Grievance Coordinator sent this grievance back for a rewrite to address only one issue per grievance. ECF No. 89 at 41.  On October 9, 2015, Plaintiff submitted a rewrite, but it was again returned to him on October 14, 2015, with the Grievance Coordinator responding that Plaintiff was still listing multiple issues and that he could not "address issues of staff allegedly planting items that you were infracted for." ECF No. 89 at 42.  On October 15, 2015, Plaintiff submitted an Offender's Kite regarding the cell search, asking that his grievance be processed at Level II. ECF No. 89 at 44.

---

[2] Generally, prisoners check one of four options at the top of grievance forms: "Initial," "Emergency," "Appeal," or "Rewrite." *See, e.g.*, ECF No. 89 at 47.

ORDER - 4

The October 20, 2015 response was, "Provide the rewrite as directed. During the interview you may further explain." ECF No. 89 at 44.

On October 21, 2015, Plaintiff filed three separate "initial" grievances, all relating to his September 30, 2015 allegations. The first new grievance related to Defendant Michael's alleged planting of metal weapons. ECF No. 89 at 45. The second related to Defendants Kaehler and Watson allegedly planting six sharpened pens in Plaintiff's bedding. ECF No. 89 at 47. The third alleged that Defendants Michael, Kaehler, and Watson filed a false report to frame him for the contraband. ECF No. 48. All three of these grievances were administratively withdrawn on October 23, 2015; the explanation was that "they all deal with the same issues mentioned in 15596299 and are given the same log ID. The log ID is administratively withdrawn for failure to comply with the rewrite instructions." ECF No. 89 at 46.

On October 28, 2015, Plaintiff sent the Grievance Coordinator a kite stating that he had resubmitted the three different issues separately, as instructed, and noting that they were rejected as being the same issue. Plaintiff asked, "Please state what your instructions were." ECF No. 89 at 49. The Grievance Coordinator responded, "This grievance will not be discussed further. It has been withdrawn and will remain so." ECF No. 89 at 49. Plaintiff tried to appeal this decision, but was informed that "requests for rewrite are between the Grievance Coordinator and the offender, and aren't appealable. You failed to comply with rewrite directives and your grievance was administratively withdrawn." ECF No. 89 at 50.

ORDER - 5

**C.   Other September 30, 2015 Grievances**

On September 30, 2015, Plaintiff filed an "emergency" grievance (Log I.D. Number 15595824), alleging that Defendants Pease, Michael, and others retaliated against him for filing the grievance about Defendants Michael and Zarndt. ECF No. 89 at 51. However, this grievance was administratively withdrawn. The response was that it did not meet the criteria of an emergency and would have been processed as routine, but Plaintiff was already at his grievance limit of five open grievances. ECF No. 89 at 51.

Plaintiff filed another "emergency" grievance (Log I.D. Number 15595782), claiming that Defendant Michael directed Defendant Zarndt to put metal items in his cell to get Plaintiff to cut his wrists. ECF No. 89 at 52. After notifying unit staff of the safety concerns, the grievance was administratively withdrawn because Plaintiff already had five active grievances. ECF No. 89 at 52.

## II.   APPLICABLE LAW

To be entitled to relief under 42 U.S.C. § 1983, a plaintiff must show: (i) the conduct complained of was committed by a person acting under color of state law; and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Here, Plaintiff's claims are based on the Eighth Amendment, which prohibits cruel and unusual punishment.

It is only "the unnecessary and wanton infliction of pain [that] constitutes cruel and unusual punishment forbidden by the Eighth

Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). The Eighth Amendment standard requires proof of both an objective and a subjective component. *Hudson v. McMillian*, 503 U.S. 1 (1992). The objective component of an Eighth Amendment claim requires that the deprivation must be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component relates to the defendant's state of mind and requires at least deliberate indifference. *Id.*

**A. Legal Standard for Summary Judgment**

Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A plaintiff opposing summary judgment must point to specific facts establishing a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). A "mere scintilla of evidence" is insufficient to overcome a properly supported motion for summary judgment; a plaintiff must introduce "significant probative evidence tending to support the complaint." *Fazio v. City & Cty. of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 252 (1986) (internal quotation marks omitted)). If the plaintiff fails to make such a showing for any of the essential elements of a particular

claim, the trial court should grant summary judgment as to that claim. *See Celotex Corp.*, 477 U.S. at 322.

**B.     Exhaustion Under the Prison Litigation Reform Act**

The PLRA requires that before a prisoner may bring any action with respect to prison conditions, he must first exhaust "available administrative remedies." 42 U.S.C. § 1997e(a); *see also Williams v. Paramo*, 775 F.3d 1182, 1190-91 (9th Cir. 2015). The Supreme Court has clarified that "exhaustion" under the PLRA requires compliance with both the procedural and substantive requirements put in place in order to ensure that the prison receives the "opportunity to correct its own mistakes . . . before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks omitted). Courts apply a burden-shifting regime to determine whether summary judgment is appropriate due to a failure to exhaust under the PLRA.

> [A] defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy. Then, the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile. The ultimate burden of proof, however, remains with the defendants.

*Id.* at 1191 (internal citations omitted).

### III. DISCUSSION

In this case, an Offender Grievance Process[3] (OGP) was in place at all relevant times and Plaintiff was familiar with that grievance process. *See* ECF No. 89 at 2-3. Generally, to exhaust the OGP, a prisoner must pursue four levels of review. *See* ECF No. 89 at 4.

---

[3] The applicable Offender Grievance Program Manual is provided at ECF No. 89 at 8-40.

ORDER - 8

Defendants argue that Plaintiff "has taken no grievance relating to the allegations in the Complaint through all four levels of the OGP and to completion." ECF No. 89 at 6. Because all of Plaintiff's several claims are subject to this gate-keeping requirement, the Court addresses each of Plaintiff's claims in turn.

**A.   Providing a Metal Rod**

Plaintiff alleges that on April 24, 2015, Defendants William Hale and Richard Morgan provided Plaintiff with a hooked metal rod and verbally encouraged him to use it to hang himself from a sprinkler head. *See* ECF No. 13 at 4. Plaintiff claims that he attempted to do so, and sprained his neck in the process. ECF No. 13 at 6. Plaintiff argues that this violated his Eighth Amendment right because by giving him a weapon to use in an attempted suicide, Defendants Hale and Morgan acted with deliberate indifference to Plaintiff's safety and life. ECF No. 13 at 4.

The only reference to any such incident in the grievance records before the Court is in Log I.D. Number 15595782. Plaintiff filed a grievance in which he claims to have told Defendant Michael "about how C/O Hale and C/O Morgan gave me a tool to hang myself with a couple months ago and he took no action." ECF No. 89 at 52. Yet there is no evidence that Plaintiff filed a related grievance against Defendant Hale or Defendant Morgan, or that he pursued such a grievance through the appellate channels. Thus, this claim must be dismissed pursuant to the PLRA for failure to exhaust the available administrative remedies.

**B.   Denying Emergency Treatment**

ORDER - 9

Plaintiff alleges that on April 24, 2015, after being given the hooked metal rod, he filed an emergency grievance indicating he was having thoughts of suicide. ECF No. 13 at 5. Plaintiff claims Defendant Charles Pease returned the emergency grievance, saying he did not believe Plaintiff. Plaintiff also claims that Defendant Kitzi Brannock denied an appeal of this emergency grievance, thereby denying him access to suicide prevention mental health staff or medical staff. Plaintiff argues that both Defendants Pease and Brannock were aware that Plaintiff was having suicidal thoughts and possessed a weapon, yet took no steps to help prevent suicide or serious self-harm, violating his Eighth Amendment rights.

There is no evidence that Plaintiff filed a grievance — let alone pursued an appeal — against Defendant Pease or Defendant Brannock for ignoring or denying his emergency mental health requests. Therefore, this claim must be dismissed pursuant to the PLRA for failure to exhaust the available administrative remedies.

**C.  Failing to Respond to the Emergency Call Button**

Plaintiff claims that on June 6, 2015, and again on August 15, 2015, after he had already filed grievances against Defendant Lois Lundgren, he tried multiple times to contact her by using the emergency call button. According to Plaintiff, she did not answer except to say, "Stop pushing your button." ECF No. 13 at 7. Plaintiff alleges that on those dates he attempted suicide by hanging himself from the sprinkler with his sheets, but they did not hold his weight. Plaintiff argues Defendant Lundgren violated his Eighth Amendment

ORDER - 10

rights by not helping and thereby allowing the situation to escalate to attempted suicide. ECF No. 13 at 8.

Plaintiff did file a grievance against Defendant Lundgren on March 7, 2015. However, the evidence shows that this grievance was resolved and Plaintiff did not appeal the decision. There is no evidence of other grievances relating to this claim. As such, this claim must be dismissed pursuant to the PLRA for failure to exhaust the available administrative remedies.

**D.     Planting Weapons During Cell Search**

On September 30, 2015, Defendants Donald Zarndt and Russell Michael conducted a search of Plaintiff's cell. According to Plaintiff, Defendant Michael told him to "go look around his cell for something to cut his wrists," and pointed to the bed area, where Plaintiff found nine sharpened staples and three sharp metal pieces. Plaintiff further alleges that during a resulting x-ray search of his property, Defendants Kaehler and Watson put six sharpened pens in Plaintiff's bedding. Plaintiff argues that Defendants, Zarndt, Michael, Kaehler, and Watson violated his Fourth and Eighth Amendment rights by using a cell search to plant weapons in Plaintiff's cell. ECF No. 13 at 11.

1.    Failure to exhaust

For this particular claim — viewing the evidence relating to Grievance #299 in the light most favorable to Plaintiff — the Court finds that Plaintiff exhausted the administrative remedies that were available to him. "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Williams v.*

ORDER - 11

*Paramo*, 775 F.3d 1182, 1191–92 (9th Cir. 2015) (citation and internal quotation marks omitted). The evidence suggests that after filing an initial grievance, Plaintiff was told to resubmit separate grievances for each individual issue and Plaintiff did so. Yet, despite his efforts and follow-up, the grievance was administratively withdrawn with the explanation that Plaintiff had filed separate grievances about the same issue, which appears to align with the rewrite directive given to Plaintiff. It also appears that Plaintiff had no practical means of appealing that administrative withdrawal, and resubmitting the grievance would have been futile. Because Plaintiff seemingly pursued his grievance to the extent that the circumstances allowed, Plaintiff meets his burden of production to show that he exhausted all available administrative remedies. *See Williams,* 775 F.3d at 1191–92. The Court therefore turns to the merits of this claim.

### 2. Merits of Plaintiff's Claim

As a preliminary matter, because it arises from a search of his cell, Plaintiff's claim cannot be based on any Fourth Amendment rights. "The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).

More importantly, even if Defendants did plant contraband in his cell during the search as he alleges, Plaintiff has not demonstrated that he suffered the kind of harm necessary to support his Eighth Amendment claim. Plaintiff alleges mental and emotional harm; he says

that the act of planting weapons and the encouragement to kill himself has caused nightmares, migraines, and increased thoughts of suicide. *See* ECF No. 13 at 14.  But Congress has decided that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e); *see also Brazil v. Rice*, 308 F. App'x 186, 188 (9th Cir. 2009) ("The district court properly dismissed the Eighth Amendment claim because the amended complaint does not allege that [Plaintiff] suffered any physical injury.").  There is no indication that Plaintiff used the staples or metal piece allegedly planted in his cell to hurt himself.  Because Plaintiff has not made a showing of any physical injury resulting from the alleged planting of contraband during the cell search, this claim cannot be based on Plaintiff's Eighth Amendment rights.

Plaintiff alleges that the planting of contraband was in retaliation for his filing a grievance against Defendants, and in the Ninth Circuit, the physical injury requirement of § 1997e(e) does not apply to First Amendment retaliation claims. *See Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998).  For a prisoner to make out a retaliation claim, he must show (1) a state actor took adverse action (2) because of (3) the prisoner's protected conduct, (4) that such action chilled the exercise of his First Amendment rights, and (5) "the action did not reasonably advance a legitimate correctional goal." *See Shepard v. Quillen*, 840 F.3d 686, 688 (9th Cir. 2016) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)).

ORDER - 13

Even reading the complaint liberally and viewing the evidence in the light most favorable to Plaintiff, however, there are no facts suggesting that Defendants planted the contraband in retaliation for Plaintiff's exercise of his First Amendment rights.

Plaintiff alleges that he "warned Russell Michael he was filing a suit on him and Michael's response was to flip Plaintiff the middle finger," but by this time, the alleged planting had already occurred. The same is true for Plaintiff's allegations that Michael, Kaehler, and Watson "conspired to frame Plaintiff for the weapons because Plaintiff grieved Michael [and] Zarndt for put[t]ing them in his cell." ECF No. 13 at 10. If a conspiracy to frame Plaintiff for contraband ever existed, it arose before the weapons were planted. The act of planting contraband — no matter how repugnant or unjust — cannot serve as both the basis for an initial grievance and then also somehow constitute retaliation for the filing of that same grievance. Further, Plaintiff's vague allegations that Defendant Michael "was getting even" and that he wanted "to help Hale and Morgan avoid a lawsuit," *see* ECF No. 13 at 12, are insufficient to serve as the basis of a First Amendment retaliation claim. The Court will not construct whole-cloth a claim that was not pleaded by Plaintiff in his complaint and is not otherwise supported by the record. This claim is therefore dismissed.

### IV. CONCLUSION

Plaintiff failed to exhaust his administrative remedies for the majority of his claims. For his remaining claim, Plaintiff failed to demonstrate that he suffered the requisite physical harm. Therefore,

ORDER - 14

and for the reasons given above, the Court finds that there are no disputed issues of material fact and grants Defendants' Motion for Summary Judgment.

As a final matter, Defendants ask the Court to dismiss Plaintiff's claims with prejudice. The Court agrees that dismissal without prejudice will likely serve no purpose for Plaintiff's claims that are dismissed based on a failure to exhaust under the PLRA, as the applicable deadlines for Plaintiff's administrative remedies have long since passed. *See* ECF No. 89 at 5. That said, the Ninth Circuit has stated that if a district court "concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). And the Ninth Circuit has repeatedly reversed district courts for dismissing similar cases with prejudice. *See, e.g., Armstrong v. Scribner*, 350 F. App'x 186 (9th Cir. 2009). As such, Plaintiff's claims that are dismissed pursuant to the PLRA for failure to exhaust are done so without prejudice. Given the advanced state of the case and the reasons for dismissal, however, Plaintiff's claims relating to planted contraband are dismissed with prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, **ECF No. 87,** is **GRANTED.**
2. Plaintiff's claims regarding the planting of contraband on September 30, 2015, are **DISMISSED WITH PREJUDICE**; all other claims are **DISMISSED WITHOUT PREJUDICE.**

ORDER - 15

**3.** The Clerk's Office is directed to enter **JUDGMENT** in Defendants' favor.

   **4.** All pending motions are **DENIED AS MOOT.**

   **5.** All hearings and other deadlines are **STRICKEN.**

   **6.** Plaintiff's in forma pauperis status is **REVOKED.** The Court hereby certifies that any appeal taken from this order is not in "good faith." 28 U.S.C. § 1915(a)(3).

   **7.** This case shall be **CLOSED.**

   **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter judgment accordingly, and provide copies to Plaintiff, all counsel, and the U.S. Marshals Service.

   **DATED** this __14th__ day of August 2017.

   ___s/Edward F. Shea
   EDWARD F. SHEA
   Senior United States District Judge